```
                                              FILED
                                         U.S. DISTRICT COURT
    IN THE UNITED STATES DISTRICT COURT  ALBUQUERQUE, NEW MEXICO
         FOR THE DISTRICT OF NEW MEXICO
                                            JAN 1 3 2003
```

UNITED STATES OF AMERICA,

    Plaintiff,

              CLERK

v.                            No. CIV-02-1389 JP/DJS
                                CR-99-1407 JP

RAFAEL FLORES-GONZALES,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's response to an earlier order requiring Defendant to show cause why his motion to reduce sentence under 28 U.S.C. § 2255 should not be dismissed as untimely under the one-year period of limitations. In his response, Defendant states that he believed the limitation period was tolled during the pendency of his motion under 18 U.S.C. § 3582 and would not expire until August 28, 2003, a year after the § 3582 motion was denied.

"Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000). "The one-year limitations period in § 2255 is not a jurisdictional hurdle and can be tolled 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **2 (10th Cir. Dec 13, 1999) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999); *see also United States v. Willis*, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (no tolling for inability to obtain transcripts); *cf. Miller v. Marr*,



141 F.3d 976, 978 (10th Cir. 1998) (no tolling for lack of access to legal materials). Here, Defendant's mistaken belief that the pendency of a § 3582 motion tolls the limitation period in § 2255 does not amount to an extraordinary circumstance beyond his control. Nor does Defendant allege that he held this belief after a diligent attempt to file his § 2255 motion timely. The motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to reduce sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #223) filed November 1, 2002, is DISMISSED as untimely filed; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE